[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 6, 2007
THOMAS K. KAHN
CLERK

No. 06-12069
Non-Argument Calendar
_____

D. C. Docket No. 05-00871-CV-BE-S

MELISSA BARBEE,

Plaintiff-Appellee,

versus

NAPHCARE, INC,
SHELBY COUNTY CORRECTIONAL
FACILITY,

Defendants,

SHERIFF MIKE CURRY,
CAPTAIN MCKALE SMITHERMAN,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 6, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Sheriff Chris Curry of Shelby County, Alabama, and Captain Mikul Smitherman, the Administrator of the Shelby County Correctional Facility, appeal the district court's denial of their motion to dismiss Count VI of the amended complaint, in which plaintiff Melissa Barbee, a white female, asserted a claim under 42 U.S.C. § 1983 for violation of her equal protection rights based on the termination of her employment.[1] We issued the following jurisdictional question, inter alia, to the parties concerning this appeal: "[w]hether the district court's denial of defendants' motion to dismiss as to Count Six of the amended complaint is immediately appealable." After the parties filed their responses, we entered an order stating that the appeal could proceed because we have jurisdiction to review the district court's denial of the motion to dismiss "to the extent [the district court's order] was based on the defense of qualified immunity." On appeal, the Appellants contend that the district court should have dismissed Count VI for failure to state a claim under § 1983. More specifically, as they did in the district court, Appellants challenge the sufficiency of the amended complaint's allegations against them,

_____

[1] Barbee initially had filed a cross-appeal from the dismissal, for failure to state a claim, of Counts I through V of her amended complaint. We previously dismissed the cross-appeal for lack of jurisdiction. Thus, only the dismissal of Count VI is before us.

2

arguing that Barbee alleged a violation of her civil rights by "the defendants," and that her failure to specify the specific defendants is fatal to her Count VI claim. Because it is not altogether clear that the district court reached the issue of Appellants' qualified immunity, which is the only issue over which we currently have jurisdiction, we vacate and remand for further proceedings.

In Count VI of the amended complaint, Barbee asserted a claim under § 1983 for violation of her Equal Protection rights. More specifically, she alleged that her employment with Naphcare, Inc., a private company that contracted to provide medical services at the Shelby County Jail, was terminated unlawfully because she has biracial children, dates African-American men, and refused to lie during an official Alabama Bureau of Investigation inquiry. Appellants Curry and Smitherman filed a motion to dismiss all counts. As to the Equal Protection claim at issue in this appeal, they stated: "Said defendants are entitled to qualified immunity from the sole claim brought pursuant to 42 U.S.C. § 1983 asserting an equal protection violation." In their supporting memorandum of law, however, they did not argue that they were entitled to qualified immunity as to the Equal Protection claim, instead arguing that Barbee failed to state a claim against them because, rather than name them individually, the amended complaint named "Defendants."

In her response to the motion to dismiss, Barbee responded, without specific reference to Count VI, that "the sheriff and deputy sheriff" were not entitled to qualified immunity because they were acting within their discretionary authority and the right to be free from racial discrimination in employment based upon interracial association was clearly established.

In its order on the motion to dismiss, the district court found, as to Count VI, that: (1) Curry and Smitherman conceded that Barbee "properly raise[d] a constitutional claim;" and (2) Count VI sufficiently identified Curry and Smitherman as defendants and, therefore, sufficiently pled a claim under § 1983. The district court made no mention of the qualified immunity issue. Indeed, given that Appellants raised it in their motion to dismiss but made no argument on the matter in their supporting memorandum of law, it may be that the district court did not consider the Appellants to have raised the defense by mere mention of it in the motion to dismiss. Appellants then filed this interlocutory appeal.

On appeal, Curry and Smitherman argue that Barbee's complaint fails to state a claim for violation of a "clearly established " constitutional right, and that they are entitled to qualified immunity on Count VI. The Supreme Court has set forth a two-part test for evaluating a claim of qualified immunity. The threshold question is: "Taken in the light most favorable to the party asserting the injury, do

the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). If a constitutional right would have been violated under the plaintiff's version of the facts, the court must then determine "whether the right was clearly established." Id.; Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002); cf. Hudson v. Hall, 231 F.3d 1289, 1296 n.5 (11th Cir. 2000) (while recognizing that the foregoing order of inquiry should be followed generally, holding that it is not required absolutely). The defense of qualified immunity "may be generally asserted (1) on a pretrial motion to dismiss under Rule 12(b)(6) for failure to state a claim; (2) as an affirmative defense in the request for judgment on the pleadings pursuant to Rule 12(c); (3) on a summary judgment motion pursuant to Rule 56(e); or (4) at trial." Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002).

Here, the district court determined first that Barbee "properly raise[d] a constitutional claim[,]" which could be construed as analysis under the first prong of the Saucier analysis. However, the court made no mention of qualified immunity, nor of the second Saucier prong, in denying Curry and Smitherman's motion to dismiss on Count VI. Instead, the court analyzed Appellants' alternative argument -- that Barbee failed to state a claim because she had not alleged which defendants she was referring to when she asserted, in Count VI, that "the

5

defendants" terminated her. The district court rejected this argument: "Plaintiff's use of the term 'defendants' incorporates <u>all</u> defendants. Accordingly, Count Six sufficiently identifies both Curry and Smitherman as parties against whom Plaintiff is seeking relief under § 1983. Further, § 1983 does not require that Defendants be Plaintiff's employer; it is enough if they conspired with Naphcare to terminate Plaintiff in violation of her constitutional rights. This claim is sufficiently pled to survive a Motion to Dismiss; and, accordingly, Defendants' Motion as to Count Six is **DENIED**." From our review of the record, we cannot discern whether the district court considered the parties to have raised the qualified immunity issue. In any event, it is clear that the district court did not engage in the <u>Saucier</u> analysis.

On this record, we cannot engage in meaningful appellate review. Instead, we remand the case to the district court for further proceedings, including for a determination of whether the motion to dismiss properly raised qualified immunity as a defense to Count VI and, if so, application of the two-part test for qualified immunity set forth in <u>Saucier</u>. <u>See</u> <u>Selman v. Cobb County School Dist.</u>, 449 F.3d 1320, 1334, 1338 (11th Cir. 2006) (vacating and remanding for further findings of fact where the record on appeal did not provide for meaningful appellate review).

**VACATED AND REMANDED.**